UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUTTON SALVAGE, LLC, an Idaho Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSCATINE USED PARTS, INC., and Iowa for-profit corporation, and DADE AUCTIONS INC., an Ohio for-profit corporation,<br><br>    Defendants. | Case No. 3:21-cv-00150-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is defendant Dade Auctions Inc.'s motion for reconsideration (Dkt. 117). For the reasons described below, the Court will deny the motion.

## BACKGROUND

Dade operates a website that facilitates the auction and sale of heavy equipment. *Statement of Undisputed Facts* at ¶ 1, Dkt. 28-2. In 2020 Muscatine Used Parts, Inc. contacted Dade to list a copper recycling machine on the website. *Motion* at 5, Dkt. 117; *Statement of Undisputed Facts* at ¶ 12, Dkt. 28-2. Muscatine

MEMORANDUM DECISION AND ORDER - 1

originally purchased the recycling machine in 2017 through David Fournier's now defunct brokerage service; David Fournier is the owner of Dade. *Decl. of D. Fournier* at ¶ 3, Dkt. 28-7. When Dade requested pictures of the machine to list on the website, Muscatine explained that the equipment was stored away and asked Dade to use the pictures from the previous transaction. *Motion* at 5, Dkt. 117. Dade did so. *Id.* The 2020 posting included 30 photographs, a description of the system, and a note indicating the pictures were not current and that the seller had not used the machine since its purchase. *Id.* at 6. The posting did not identify Muscatine as the seller. Def. Ex. E, Dkt. 28-12.

In early 2021, Sutton Salvage LLC purchased the system by placing a $100,000 bid through Dade's website which Muscatine, through Dade, accepted. *Statement of Undisputed Facts* at ¶ 14, Dkt. 28-2. In addition to the purchase price, Dade required that Sutton pay a "Buyer's Premium" of $10,000. *Motion* at 7, Dkt. 117. Sutton Salvage paid the full price plus the Buyer's Premium to Dade, who retained its fee and transferred the remainder to Muscatine. *Id.* Once Sutton received the system, it discovered that the machine was missing several parts. *Id.* When Sutton reached out to Muscatine, Muscatine explained it shipped the system to Sutton in the same condition it had been shipped to Muscatine—it never assembled or used the system. *Id.* Sutton requested a refund from Dade and

Muscatine, but neither complied with this request. *Id.*

In March 2021, Sutton filed this claim against Muscatine and Dade for breach of contract, fraudulent misrepresentation, and unjust enrichment. *Complaint*, Dkt. 1. In March 2022, Dade moved for summary judgment and the then-assigned visiting judge heard argument and, ultimately, denied Dade's motion. *Order*, Dkt. 61. In August 2023, this matter was reassigned to the undersigned when the visiting judge took inactive status. Dkt. 112. The Court held a status conference and set trial for May 2024. Dkts. 115, 116.[1] In February 2024, Dade filed this motion for reconsideration of the denial of summary judgment. *Motion*, Dkt. 117. Sutton Salvage opposes the motion.

## LEGAL STANDARD

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882,

---

[1] Due to conflicts with counsel's schedule, the trial has been reset for July 2024.

**MEMORANDUM DECISION AND ORDER - 3**

885 (9th Cir. 2001) (internal citations omitted).

When determining the merits of a request to reconsider an interlocutory order, this Court and others within the Ninth Circuit are often guided by standards of review substantially similar to those used under Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AC&S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "[A] motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enterprises, Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted)

## ANALYSIS

Dade argues reconsideration is warranted because it was clear error to deny its motion for summary judgment. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). That is simply not the case here.

When a case is reassigned, such as here, the second judge should not alter previous rulings "merely because he has a different view of the law or facts from the first judge." *Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997) (internal quotation marks omitted). Dade urges this Court to reconsider the previous ruling because there is no dispute as to any material fact. Its arguments mirror those Dade made—or could have made—at summary judgment. Generally, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *Martinez v. First Nat. Ins. Co.*, No. S-04-1446 LKK/PAN, 2005 WL 3299439, at *1 (E.D. Cal. Dec. 5, 2005). That is essentially what Dade requests here. That said, the Court recognizes that it is difficult for Dade to know why the visiting judge denied its motion because it was denied without a written opinion. *Order*, Dkt. 61.

Upon reviewing the record, however, this Court is not "left with the definite

**MEMORANDUM DECISION AND ORDER - 5**

and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955. Dade argues it was clear error to deny its motion as to each claim against it, so the Court will address each claim in turn.

### A.     Breach of Contract

Dade argues it was clear error to deny summary judgment on Sutton's breach of contract claim. It claims it is undisputed that the Buyer's Terms and Conditions govern the relationship between Sutton and Dade and that Dade was not a party to the contract for the sale of the recycling equipment.

First, it was not clear error to find that a material dispute existed as to whether Mr. Sutton accepted the Buyer's Terms and Conditions. Dade explains that all users who make an account on the website must accept the Buyer's Terms and Conditions—there is no way to make an account without clicking the box to accept the terms. *See Decl. of A. Fournier* at ¶ 6, Dkt. 28-3. Since this practice was in place when Mr. Sutton made an account, he must have accepted these terms. *Reply in Support of Motion for Summary Judgment* at 4, Dkt. 33. Sutton disputes that Mr. Sutton ever accepted these terms as Mr. Sutton does not recall accepting the Buyer's Terms. *See Decl. of M. Sutton,* at ¶ 3, Dkt. 31-1. This statement, alone, is likely insufficient to avoid the binding effect of the contract. *See e.g.*, *Dhaliwal v. Ace Hardware Corp.*, No. 2:22-cv-00446-DAD-KJN, 2023 WL 2555471, at *5

**MEMORANDUM DECISION AND ORDER - 6**

(E.D. Cal. Mar. 16, 2023) (collecting cases holding failure to recall entering contract does not avoid the application of a contract).[2]

Instead, it seems that the visiting judge concluded that Dade did not present sufficient evidence to establish Mr. Sutton accepted the Buyer's Terms and Conditions. Dade has produced a copy of the Buyer's Terms and Conditions which it claims is the binding Buyer's Terms. However, Sutton presented evidence that Dade has used several iterations of Buyer's Terms and does not keep a record of when new terms are uploaded. *See Motion to Strike*, Pl.'s Ex. D, Dkt. 30-3. As such, it is not possible to know which version Sutton would have had to accept to make an account. *Id.* Taking all facts in the light most favorable to the non-moving party, as the Court must at summary judgment, it was not clear error to determine that Dade did not carry its burden to show that, as a matter of law, Mr. Sutton

---

[2] Procedural posture likely matters some here. In the cases cited by Dade, the Court is acting as the fact finder to resolve whether an agreement applies to determine whether a forum selection clause, arbitration clause, or other jurisdictional limit applies. *See Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1370 (S.D. Fl. 2011) (concluding forum selection clause in clickwrap agreement applied); *Burcham v. Expedia*, No. 4:07CV1963 CDP, 2009 WL 586513, at *3 (E.D. Mo. Mar. 5, 2009) (same); *Ranazzi v. Amazon, Inc.*, 46 N.E. 3d 213, 217 (Ohio 2017) (determining arbitrability); *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (same); *Nicosia v. Amazon, Inc.*, 84 F. Supp. 3d 142, 152 (E.D.N.Y. 2015) (same); *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1226–27 (D. Haw. 2010) (evaluating whether limitation of liability stripped Court of subject matter jurisdiction). In contrast, Dade's motion was brought at summary judgment and at summary judgment the Court is not to make credibility findings and must believe direct testimony of the non-movant, however implausible. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

accepted the Buyer's Terms and Conditions.

Second, it was not clear error to find that a dispute existed as to whether Dade may be held liable on the sales contract. Sutton's contract claim against Dade is based upon the theory that it acted as an agent for an undisclosed principal (Muscatine) and, as such, "is party to the contract as a principal and liable under it." *Keller Lorenz Co. v. Ins. Assocs. Corp.*, 98 Idaho 678, 681 (1977). In support of this theory, Sutton presented evidence that Dade did not disclose the identity of the seller until the sale was complete. *See Decl. of M. Sutton,* at ¶ 8, Dkt. 31-1; *Dep. of D. Fournier*, Pl. Ex. A, Dkt. 31-3. At summary judgment Dade presented evidence that Mr. Sutton exchanged messages with the seller before purchasing the machine and, when Muscatine accepted Sutton's bid, Sutton received an invoice that listed Muscatine as the seller. *See* Def. Ex. G, Dkt. 28-14; Def. Ex. H, Dkt. 28-15.

A factual dispute exists because the Court cannot resolve whether Muscatine was an undisclosed principal without first resolving whether the Buyer's Terms govern the relationship. If the terms do govern, then when the invoice was issued, Sutton may have already been bound by the contract. *See Buyer's Terms*, Def. Ex. B at 2, Dkt. 28-5 ("Bids placed through the Auction website are binding towards the Seller and cannot be retracted."). If the terms do not govern, then it is a

question of contract formation as to when the contract was formed and whether Muscatine was disclosed as the seller before the contract was entered into. As such, it was not clear error to deny summary judgment.

In its motion to reconsider, Dade relies on an exhibit, containing excerpts from Justin Winter's deposition, that was originally submitted in support of its motion in limine, filed after its original summary judgment motion. *See* Dkt. 72-4. In the excerpts, Mr. Winter, the owner of Muscatine, recalled that Mr. Sutton called him directly to negotiate the price of the recycling system. *Id.* Mr. Sutton, in contrast, states that he only talked to Mr. Winter after the purchase. *Decl. of M. Sutton* at ¶¶ 9–10, Dkt. 31-1. Dade did not submit this evidence in support of its original motion, although it is not clear whether this deposition occurred before or after summary judgment. A motion to reconsider "may *not* be used to. . .present evidence for the first time" that could have been raised earlier. *Kona Enterprises, Inc.*, 229 F.3d at 890. Even considering this evidence, a material dispute of fact remains as to whether Muscatine was an undisclosed principal. It was not clear error, then, to deny summary judgment.

### B. Fraudulent Misrepresentation Claim

Dade also argues that it was clear error to deny summary judgment on Sutton's misrepresentation claim. It argues that Sutton, as a matter of law, cannot

MEMORANDUM DECISION AND ORDER - 9

show by clear and convincing evidence that Dade knew the recycling system was damaged or missing parts when it made the posting. Dade never had possession of the system and, therefore, could not verify the truth of what Muscatine advertised. Sutton, however, presented evidence that Dade posted additional photos of other machines to elicit offers and that David Fournier had previously seen the machine offered for sale. *See Dep. of D. Fournier Sr.* at 93:19–94:14, Pl.'s Ex. A, Dkt. 31-3. This supports at least one of Sutton's alleged misstatements: "that the photographs posted with the listing were of the actual product before it 'was taken out of production and came out running.'" *Complaint* at ¶ 4.10, Dkt. 1. It was not clear error, then, to determine that a material dispute existed regarding Dade's knowledge of its statements.

Dade also argues that it cannot be held liable because Muscatine was required to approve the content of the listing and Sutton did not inspect the machine before purchasing it. Dade presents no clear case law indicating that Sutton's ability to inspect the machine or Muscatine's obligation to correct any inaccuracies in the post precludes Dade's liability on this count. The only case cited in support of the claim that Muscatine's approval would excuse Dade's liability is factually distinct. In *Great Northern Insurance Company v. Amazon.com, Inc.*, 524 F. Supp. 3d 852, 859 (N.D. Ill. 2021), the court held that a

**MEMORANDUM DECISION AND ORDER - 10**

reasonable jury could not find that Amazon made the false statement because the description including the misrepresentation was written by the seller and provided to Amazon. In contrast, Sutton has presented evidence that Dade played at least some part in the creation of the description. *See Dep. of D. Fournier* at 24:6-24:13; 46:4-46:19; 47:12-47:19, Dkt. 31-3 (explaining that Dade answered questions from Sutton about the machine and added photos of duplicate machines and that Muscatine did not approve the posting before it was posted).

Finally, Dade argues under the Buyer's Terms and Conditions, the recycling system was sold "as is" without any implied warranties of merchantability. As already discussed, there is a material dispute about whether Mr. Sutton accepted these terms. Accordingly, Dade has not established it was clear error to deny summary judgment on Count II.

### C.   Unjust Enrichment

Finally, Dade argues it was clear error to deny its motion for summary judgment on the unjust enrichment claim. The Court disagrees. Dade acknowledges that it accepted and retained the $10,000 Buyer's Premium. If this premium was received, at least in part, due to false representations by Dade then it may be unreasonable for Dade to retain that premium. Because factual disputes remain regarding whether Dade engaged in fraudulent misrepresentation, it was not

clear error to deny the motion.

"[T]he interests of finality and conservation of judicial resources" instruct against reconsideration without good reason. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Here, there is no good reason to reconsider. Dade has not shown any clear error in the visiting judge's decision. More than a year has passed since Dade's motion was denied and the parties have been preparing for trial, originally set for May 2024, for several months already. The reassignment of this case to a new judge does not warrant relitigation of the decisions made by the previous judge. This case must move forward. Accordingly, the Court will deny the motion.

## ORDER

IT IS ORDERED that:

1. Dade's Motion for Reconsideration (Dkt. 117) is DENIED.

DATED: April 29, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12